## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JAMES HARRISON**, *Individually and On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>**FORT DEARBORN COMPANY**<br><br>Defendant. | Civil Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff James Harrison, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective Action Complaint against Defendant Fort Dearborn Company ("Defendant"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for himself and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Fort Dearborn Company is a 'leading prime label supplier to the consumer goods marketplace' and operates 20 facilities around the United States and Canada. Its corporate headquarters are located at 1530 Morse Avenue, Elk Grove, IL 60007.[1]

---

[1] *See* Fort Dearborn Company's website https://www.fortdearborn.com/ (last accessed April 2, 2020).

3. Fort Dearborn Company has violated the wage laws by engaging in illegal policies and practices of altering and shaving time off hourly factory workers' time records, thereby failing to compensate them for all hours worked.

4. As a result of Fort Dearborn Company's illegal pay policies and practices, Plaintiff and other hourly factory workers were deprived of the hard-earned wages including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

5. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Hourly-Paid Factory Workers employed by Fort Dearborn Company at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

6. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

7. At all relevant times, Defendant has willfully and intentionally committed widespread wage theft violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

9. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

10. This Court has personal jurisdiction over Defendant because Defendant conducts business within and maintains systematic and continuous contacts with the State of Illinois.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant resident of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## THE PARTIES

12. Defendant Fort Dearborn Company is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

13. According to the Illinois Secretary of State website, Fort Dearborn Company has the following designated agent: DAVID J MORRIS at 200 W MADISON ST #3000 CHICAGO , IL 60606.

14. According to the Illinois Secretary of State website, Fort Dearborn Company has the following officers:

- Kevin Kwilinski at 1530 Morse Ave. Elk Grove Village 60007, President; and
- Stephen Bowater Same, Secretary.

15. Plaintiff James Harrison ("Harrison") is an adult resident of St. Lucie County and State of Florida.

16. Harrison was employed by Defendant as an hourly-paid printing press operator from approximately July 2015 through approximately May 28, 2019 at Defendant's Palm City, FL plant.

17. Harrison's hourly rate was approximately $21 when he was employed by Defendant.

18. Harrison's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

3

19. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

20. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

21. At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

22. At all relevant times alleged herein, Defendant was/is the "employer" of the Plaintiff and the putative collective members within the meaning of 29 U.S.C § 203(d).

23. Defendant knowingly "suffered or permitted" Plaintiff and the putative collective members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

24. Defendant, directly or indirectly, hired the Plaintiff and the putative collective members and determined the rate and method of the payment of their wages.

25. Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiff and the putative collective members.

26. At all relevant times alleged herein, Plaintiff and the putative collective members performed job duties that do not fall within any exemptions from overtime under the FLSA.

27. Plaintiff regularly worked over forty (40) hours a week in several workweeks.

28. In several workweeks, management required Plaintiff the and the putative collective members to perform work over forty (40) hours per week.

29. Plaintiff and the putative collective members recorded their working time through a punch in and out time clock system.

30. Management altered the punched in/out time and shaved the hours initially recorded by Plaintiff and the putative collective members.

31. Management regularly required Plaintiff and other hourly-paid factory workers to work beyond their scheduled shifts of eight hours but altered their time records down to eight hours a day.

32. As a result of the Defendant's illegal policies and practices stated herein, Plaintiff and the putative collective members were not compensated for all hours worked.

33. As a result of Defendant's illegal pay policies and practices, Plaintiff and other hourly factory workers were deprived of their hard-earned wages, including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

34. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

35. Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## **COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

37. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid factory workers who have been affected by Defendant's common unlawful policies and practices of failing to properly pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

38. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

5

> *All Hourly-Paid Factory Workers employed by Fort Dearborn Company at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

39. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

40. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

41. Plaintiff seeks to send Notice to all similarly situated hourly-paid factory workers as provided by 29 U.S.C. § 216(b) and supporting case law.

42. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

43. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

44. Plaintiff and the putative FLSA collective members demand a trial by jury.

## CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

6

45. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

46. Defendant employed Plaintiff and the FLSA collective members as hourly-paid factory workers.

47. Defendant, through management, shaved pre-shift and/or post-shift time from the hours recorded by Plaintiff and the FLSA collective members.

48. Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked.

49. Defendant required Plaintiff and the FLSA collective members to work more than forty (40) hours in one or more workweeks.

50. As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and the FLSA collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

51. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

52. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant as follows:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective members;

(E) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(F) Designating Lead Plaintiff as the representative of the FLSA collective in this action;

(G) Designating the undersigned counsel as counsel for the FLSA collective in this action;

(H) Judgment for damages for all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Lead Plaintiff for serving as a representative of the FLSA collective in this action;

(J) An Order directing Defendant to pay Plaintiff and members of the collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA;

(K) Judgment for any and all civil penalties to which Plaintiff and members of the collective may be entitled; and

(L) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: April 16, 2020          Respectfully submitted,

By:  /s/ Jason T. Brown
     Jason T. Brown
     **BROWN, LLC**
     205 North Michigan Avenue, Suite 810
     Chicago, Illinois 60601
     Telephone: (877) 561-0000
     Facsimile: (855) 582-5297
     E-Mail: jtb@jtblawgroup.com

     *Attorneys for Plaintiff*